IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM DIVISION

CASE NO.:

JUSTIN HOYSRADT

    Plaintiff,

v.

ABUNDANT ENERGY, INC., a Florida Corporation, WILLIAM HOYSRADT, a citizen of Palm Beach County Florida, and TERESE HOYSRADT, a citizen of Palm Beach County Florida.

    Defendant.
_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Justin Hoysradt (Plaintiff), individually, sues Defendant, Abundant Energy, Inc. ("Defendant") and alleges as follows:

## **INTRODUCTION**

1. This is an action by Plaintiff against Defendant, his former employer, for unpaid overtime pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 et seq., as well as the payment of unpaid commissions, *quantum meruit*, unjust enrichment, and breach of the covenant of good faith and fair dealing. Plaintiff seeks damages and reasonable attorney's fees, together with other relief.

## **JURISDICTION**

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because this case arises under the Fair Labor Standards Act 29 U.S.C. §§ 201-216 ("FLSA"), as well as various Florida State law causes of action that arise out of the same operative facts as Plaintiff's claims under the FLSA.

## **THE PARTIES**

3. Plaintiff, Justin Hoysradt, is a citizen and resident of Palm Beach County, Florida.

4. Defendant, Abundant Energy, Inc. is a Florida Corporation, with its principal place of business in Palm Beach County Florida.

5. Defendant, Abundant Energy, Inc. is a solar energy company that designs, installs and maintains solar energy systems in South Florida.

6. Defendant William Hoysradt is a citizen and resident of Martin County, Florida.

7. Defendant Terese Hoysradt is a citizen and resident of Martin County, Florida.

8. The individual Defendants, William and Terese Hoysradt are corporate officers and/or owners and/or managers of the Defendant Company, Abundant Energy, Inc., who ran the day-to-day operations of the Defendant Company for the relevant time period and were responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and were therefore Plaintiff's employers as defined by 29 U.S.C. 203(d).

9. From January 2006 until February 2014, Plaintiff was employed by Defendants in Palm Beach County, Florida.

10. All of Defendants' actions alleged in this Complaint occurred in Pam Beach County, Florida.

11. Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and the Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period.

12. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate

commerce prior to and/or subsequent to Plaintiff's use of the same.

13.     The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendant that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

14.     Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

15.     Upon information and belief, the Defendant Company had gross sales or business done in excess of $500,000 annually for the years 2011, and 2012, and 2013.

16.     The individual Defendants, William Hoysradt and Terese Hoysradt were Plaintiff's individual employer pursuant to 29 U.S.C. §203(d) as set forth above.

## GENERAL FACTUAL ALLEGATIONS

17.     Plaintiff was hired by Defendants in January 2006.

18.     Although Plaintiff initially entered into a written employment contract with Defendants, this contract expired after the first two years of Plaintiff's employment.

19.     Plaintiff continued in his employment with Defendants from January 2006 to February 2014 under terms similar to his original employment contract but with several oral modifications.

20.     Plaintiff had numerous duties which required Plaintiff to work in Defendants' office location in Palm Beach County Florida, as well as work off-site.

21.     With respect to Plaintiff's employment duties at Defendants' office location, Plaintiff's duties included, among other things: preparing bids for new construction jobs,

developing preliminary engineering designs, attending meetings with developers, attending bid meetings, drafting recruitment posts to be placed on job boards, reviewing resumes for management, building presentation books and sales kits for management, training new candidates, receiving and processing new sales orders from outside sales representatives, handling phone calls from customers related to service and installations, assisting management with paying bills, designing marketing campaigns related to direct mail, telemarketing, email and social media, and soliciting bids for marketing products.

22. Although Plaintiff's duties outside the office location included outside sales work, from July 2011 until February 2014, Plaintiff's primary duties entailed the office duties described above.

23. From July 2011 until February 2014, Plaintiff was compensated by Defendants on both a salary and commission basis.

24. Plaintiff was compensated at weekly salary of $750.00 plus commissions on sales made by Plaintiff.

25. From July 2011 until February 2014, Plaintiff routinely worked in excess of forty hour per week.

26. The Defendants never paid Plaintiff overtime wages for work in excess of forty (40) hours per week.

27. Plaintiff's average rate of pay from July 2011 until February 2014, including salary and commissions, was $24.73 per hour.

28. Plaintiff was entitled to an additional half-time rate of $12.36 per hour for every hour over forty (40) hours per week that Plaintiff worked.

29. From July 17, 2011 until February 2014, Plaintiff worked approximately 65 hours per week.

30. Thus, from July 18, 2011 until February 2014 (a 140-week period), Plaintiff worked an average of 25 overtime hours per week.

31. For each of these 140 weeks, Plaintiff was entitled to an overtime wage payment of $309.00.

32. Defendants never paid Plaintiff these overtime wages.

33. Therefore, during this 140-week period, Defendants failed to pay Plaintiff overtime wages of approximately $43,260.00.

34. From July 18, 2011 until February 2014, Defendants also failed to pay Plaintiff a substantial amount of the commissions that Defendants owed Plaintiff.

35. From July 2011 until February 2014, Plaintiff earned more than $120,000 in commissions.

36. For this same period of July 2011 to February 2014, Defendants only paid Plaintiff approximately $48,000.00 in Commissions.

37. As of the date of this Complaint, Defendants owe Plaintiff approximately $72,000.00 in unpaid commissions.

38. Plaintiff has demanded from Defendants payment of the earned commissions and again demands the same herein.

39. During the time period between June 10, 2011 and February 2014, Defendants frequently reassured Plaintiff that he would be paid his commissions owed.

40. During this time, Defendants knowingly, voluntarily, and intentionally accepted and retained the benefits conferred by Plaintiff through Plaintiff continuing to perform his duties as an employee.

41. Plaintiff reasonably relied upon Defendants' representations and these representations induced Plaintiff to remain as an employee of Defendants and to refrain from

5

seeking alternative employment despite his unpaid commissions.

42. All conditions precedent to Plaintiff's prosecution of this lawsuit have been performed by Plaintiff or waived by Defendants.

## COUNT I - FLSA OVERTIME WAGE VIOLATION
## (AGAINST ALL DEFENDANTS)

43. Plaintiff realleges and incorporates paragraphs 1 through 42, as if fully set forth herein.

44. Throughout the employment of Plaintiff, the Defendants repeatedly and willfully violated Section 7 and Section 15 of FLSA by failing to compensate Plaintiff at a rate not less than one and one-half times the regular rate at which he was employed for workweeks longer than forty (40) hours.

WHEREFORE, Plaintiff demands a judgment against Defendants for the following:

(a) Unpaid overtime wages found to be due and owing;

(b) An additional equal amount equal to the overtime wages found to be due and owing as liquidated damages;

(c) Prejudgment interest in the event liquidated damages are not awarded;

(d) A reasonable attorney's fee and costs; and

(e) Such other relief as the Court deems just and equitable.

## COUNT II - UNPAID WAGES
## (AGAINST ALL DEFENDANTS)

45. Plaintiff realleges and incorporates paragraphs 1 through 42, as if fully set forth herein.

46. This is an action brought pursuant to Florida Statutes Chapter 448.

47. Plaintiff earned commissions by selling solar products for Defendants.

6

48. Defendants have wrongfully withheld these earned commissions from Plaintiff.

49. Plaintiff has neither waived nor forfeited his right to receive his earned commissions from Defendants.

50. Pursuant to Section 448.08, Florida Statutes, Plaintiff is seeking unpaid wages in the form of commissions from Defendant and is entitled to costs of the action and reasonable attorneys' fees.


WHEREFORE, Plaintiff seeks an order requiring Defendants to pay Plaintiff the value of his unpaid wages plus prejudgment interest, and reasonable attorneys' fees.

## COUNT III – UNJUST ENRICHMENT
## (AGAINST DEFENDANT ABUNDANT ENERGY, INC.)

51. Plaintiff realleges and incorporates paragraphs 1 through 42, as if fully set forth herein.

52. This is an action brought pursuant to Florida common law.

53. In selling solar products for Defendant, Abundant Energy, Inc., Plaintiff conferred a significant benefit to Defendant.

54. Defendant, Abundant Energy, Inc., had knowledge of the benefit conferred by Plaintiff in the sales of these products.

55. Defendant voluntarily accepted the conferral of the benefit of the sales of these products by Plaintiff.

56. Because Defendant has wrongfully withheld earned commissions from Plaintiff, the Defendant's retention of the benefit of the sales by Plaintiff is inequitable unless Defendant pays Plaintiff the earned commissions.

WHEREFORE, Plaintiff seeks an order requiring Defendant, Abundant Energy, Inc. to pay

Plaintiff for the unpaid benefit he conferred upon Defendant plus prejudgment interest.

## COUNT IV – QUANTUM MERUIT
## (AGAINST DEFENDANT ABUNDANT ENERGY, INC.)

57. Plaintiff realleges and incorporates paragraphs 1 through 42, as if fully set forth herein.

58. This is an action brought pursuant to Florida common law.

59. No binding employment agreement governs Plaintiff's employment with Defendant, Abundant Energy, Inc.

60. Plaintiff provided a significant benefit to Defendant by selling Defendant's solar products to members of the public.

61. Defendant accepted the benefit conferred by Plaintiff.

62. Under ordinary circumstances, a reasonable person and a reasonable employer would expect to pay for the benefit conferred by Plaintiff in the form of a commission.

63. Defendant failed to pay Plaintiff for the benefit Plaintiff conferred to Defendant.

WHEREFORE, Plaintiff seeks an order requiring Defendant, Abundant Energy, Inc. to pay Plaintiff for the unpaid benefit he conferred upon Defendant plus prejudgment interest.

## COUNT V –  EQUITABLE ESTOPPEL
## (AGAINST DEFENDANT ABUNDANT ENERGY, INC.)

64. Plaintiff realleges and incorporates paragraphs 1 through 42, as if fully set forth herein.

65. This is an action brought pursuant to Florida common law.

66. Defendant, Abundant Energy, Inc. made representations to Plaintiff concerning the status of the payment of commissions to Plaintiff, particularly, that Plaintiff's earned commissions

would be "paid in full."

67. Defendant's representations to Plaintiff concerning the status of the payment of commissions to Plaintiff were false.

68. Plaintiff reasonably relied upon the representations of Defendant, his then employer that his earned commissions would be "paid in full."

69. Plaintiff considered ending his sales activity for Defendant due to his backlog, but in reliance on Defendant's representations, Plaintiff decided to continue working for Defendant.

70. Plaintiff was damaged by Defendant's failure to pay his earned commissions.

WHEREFORE, Plaintiff seeks an order requiring Defendant, Abundant Energy, Inc. to pay Plaintiff the value of his unpaid commissions plus prejudgment interest.

## **DEMAND FOR JURY TRIAL**

Pursuant to the provisions of Rule 38(b) of the Federal Rules of Civil Procedure, PLAINTIFF demands a trial by jury on all issues so triable in this matter.

DATED:  July 18, 2014

*/s/ Neil D. Kodsi*
NEIL D. KODSI, ESQUIRE
Florida Bar No. 0011255
Email: nkodsi@ndkodsilaw.com
THE LAW OFFICES OF NEIL D. KODSI
Two South University Drive, Suite 330
Plantation, FL 33324
Telephone: (786) 464-0841
Facsimile:  954-760-4305
Email:  nkodsi@ndkodsilaw.com
***Counsel for Plaintiff, Justin Hoysradt***